JOHN H. SMITH, ADMINISTRATOR D.B.N., C.T.A. (ESTATE OF JOHN M. CHAPMAN), ET AL. *v.* TOWN OF GROTON

BALDWIN, C. J., MELLITZ, SHEA, ALCORN and HOUSE, Js.

Argued February 2—decided April 5, 1960

*Abram A. Washton,* for the appellants (plaintiffs).

*John C. Dennis,* with whom, on the brief, was *J. Rodney Smith,* for the appellee (defendant).

MELLITZ, J. The three plaintiffs, administrators of the estates of John M. Chapman, George H. Chapman and Walter E. Chapman, each claim an undivided one-fourth interest in property of the

defendant upon which a junior high school is now located. The property was originally owned by one Robert Chapman, who died on March 11, 1889. The decedents whose estates are represented by the plaintiffs were sons of Robert Chapman. The plaintiffs claim as residuary devisees under the will of Robert Chapman. A life estate in all his property was given to his widow. After her death, the real estate here in question went for life to a son, Walter E. Chapman. No specific disposition of it was made after the termination of the life estates. The residuary clause provided: "After the decease of my wife and at the Probate of this will all the residue and remainder of my estate not disposed of herein, I give and bequeath to be equally divided among my aforesaid children and their legal representatives." Four children, John, George, Charles and Walter, survived the testator. In 1901, John, George and Charles quitclaimed their interests in the property to Walter, the life tenant in possession. Thereafter, Walter conveyed title by warranty deed to the defendant's immediate predecessor in title. John and George predeceased Walter, who died in 1940. Charles survived him. The plaintiffs claim that their interests derive from the provision made for the "legal representatives" of the testator's children in the residuary clause.

The question here is as to the meaning to be attributed to the term "legal representatives" as it was employed in the residuary clause. It has been characterized as an ambiguous or equivocal term whose meaning can often be determined only by the context and the situation of the testator with reference to the natural objects of his bounty. *Johnson* v. *Edmond,* 65 Conn. 492, 498, 33 A. 503. It may mean those entitled to take by inheritance, or it may

mean the executors or administrators of a deceased person and thus be in effect a term of limitation; other meanings are also attributed to it. *Brooks Bank & Trust Co.* v. *Beers,* 120 Conn. 477, 480, 181 A. 391. The term was employed in three other places in the Chapman will, and in each case the context indicates clearly that it was employed as a term of limitation and not of purchase. Presumptively, words have the same meaning when repeated in a will, unless the context indicates a contrary intent. *Hershatter* v. *Colonial Trust Co.,* 136 Conn. 588, 592, 73 A.2d 97; *Westport Paper-Board Co.* v. *Staples,* 127 Conn. 115, 125, 15 A.2d 1; *Beardsley* v. *Johnson,* 105 Conn. 98, 107, 109, 134 A. 530. From a consideration of the entire will, it is clear that the term "legal representatives" was employed in the residuary clause as a term of limitation and not of purchase. See *Johnson* v. *Edmond,* supra; *Tarrant* v. *Backus,* 63 Conn. 277, 283, 290, 28 A. 46. The plaintiffs did not acquire any interests as devisees under the provisions of the residuary clause.

Furthermore, the plaintiffs are estopped by the conveyances made to Walter and to the defendant's immediate predecessor in title from claiming any interests in the property. The law favors the vesting of estates, and unless a contrary intent appears, gifts will be construed to take effect in point of right at the death of the testator, though their enjoyment is postponed to a future time by the interposition of a life estate or otherwise. *Mead* v. *Close,* 115 Conn. 443, 445, 161 A. 799; *Trowbridge* v. *Townsend,* 112 Conn. 104, 111, 151 A. 345; *Gaffney* v. *Shepard,* 108 Conn. 339, 344, 143 A. 236. A gift to a class to be paid or divided at a future time takes effect in point of right on the death of the testator. A limitation over after a life estate vests upon the

testator's death, although the right of possession is postponed until the termination of the life estate. *Bridgeport City Trust Co.* v. *Shaw,* 115 Conn. 269, 276, 161 A. 341. Upon the death of the testator, vested interests were acquired by John, George and Charles, with the right of possession postponed until the termination of the life estates. John, George and Charles, by their quitclaim deeds to Walter, effectively conveyed to him the respective interests they then had in the property. *Robinson* v. *Clapp,* 65 Conn. 365, 382, 32 A. 939; *Sherwood* v. *Barlow,* 19 Conn. 471, 476; *Dart* v. *Dart,* 7 Conn. 250, 255. This would be true as well if the interests they acquired were considered as contingent remainders. *Bartholomew* v. *Muzzy,* 61 Conn. 387, 396, 23 A. 604; *Smith* v. *Pendell,* 19 Conn. 107, 112. The plaintiffs are estopped from claiming any interests so conveyed. The maker of a quitclaim deed, and those claiming under him, are estopped by the deed from asserting any right, title or interest which the maker had previously acquired and which was granted or quitclaimed by the deed. *McDonald* v. *Dabney,* 161 Ga. 711, 729, 132 S.E. 547; *Roberts* v. *Huntington Development & Gas Co.,* 89 W. Va. 384, 394, 109 S.E. 348; see *Dart* v. *Dart,* supra. The warranty deed executed by Walter to the defendant's immediate predecessor in title operated likewise as an estoppel against those claiming through Walter. The trial court concluded properly that the defendant held title to the real estate in fee simple and that the plaintiffs had no interests in it.

The plaintiffs make the further claim that the issues here were concluded by judgments rendered in prior actions brought against the defendant by the heirs of the decedents whose estates are represented by the plaintiffs. The judgments in those ac-

tions disclose that the interests, if any, of the legal representatives of the decedents were expressly left undetermined. The issues here presented were **not** concluded in those actions.

There is no error.

In this opinion the other judges concurred.