CORLISS J. UCCI *v.* WALTER R. UCCI
(AC 28699)

Flynn, C. J., and McLachlan and Pellegrino, Js.

Argued January 22—officially released May 12, 2009

*John H. Van Lenten,* with whom was *Alan J. Rome,* for the appellant (defendant).

*Joseph A. Hourihan,* with whom, on the brief, was *Stephanie S. Baier,* for the appellee (plaintiff).

*Opinion*

McLACHLAN, J. The defendant, Walter R. Ucci, appeals from the postjudgment order of the trial court denying his motion for modification of alimony payments to the plaintiff, Corliss J. Ucci. On appeal, the

defendant claims that the court improperly based its determination on the criteria set forth in General Statutes §§ 46b-86[1] and 46b-82 rather than the criterion for modification set forth in the parties' separation agreement as incorporated into the judgment of dissolution. We affirm the judgment of the trial court.

The court, *Hon. Simon S. Cohen,* judge trial referee, dissolved the parties' nineteen year marriage on November 16, 2000. The judgment of dissolution incorporated by reference the parties' separation agreement, which contained provisions setting forth the defendant's alimony obligations and the extent to which those obligations could be modified. In essence, the defendant was required to pay the plaintiff $10,000 per month until the death of either party, the remarriage of the plaintiff or ten years from the date of the dissolution decree, whichever occurred first. The agreement further provided that alimony was nonmodifiable as to duration but modifiable as to amount "based on the parties' income from all sources."

On November 17, 2006, the defendant filed a motion to modify the judgment, claiming a substantial change in circumstances due to a significant decrease in his income. On January 25, 2007, the defendant filed an amended motion for modification of the judgment, claiming a substantial change in circumstances due to a significant decrease in his income *and* the plaintiff's full-time employment and earning capacity. The court, *Simón, J.,* heard testimony from the parties and their witnesses and admitted several exhibits at a hearing on February 5 and 26, 2007. At the conclusion of the

---

[1] General Statutes § 46b-86 (a) provides in relevant part: *"Unless and to the extent that the decree precludes modification* . . . any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party . . . ." (Emphasis added.)

hearing, counsel presented closing arguments. They did not, however, file briefs prior to or after the hearing, and they waived the opportunity to file proposed orders with the court.

On March 22, 2007, the court issued its memorandum of decision. In that decision, the court first noted that it had the authority to modify its alimony order pursuant to § 46b-86. It also noted that if it found a substantial change in the parties' financial circumstances, it then could consider the defendant's motion for modification and make an order on the basis of the criteria set forth in § 46b-82. The court proceeded to find that the defendant was forced to leave his employment and that as a result of his removal, he suffered a substantial change in his weekly income. Having found a substantial change in circumstances, the court then considered all of the evidence submitted, including the testimony and credibility of the parties. The court found that the defendant owned six properties with a market value of approximately $5 million, that he had approximately $400,000 in his bank accounts and an additional $109,000 in individual retirement accounts, that he had not altered his lifestyle even though his weekly income had decreased and that even though he had retired, he could continue to seek employment commensurate with his skills and background. For those reasons, the court denied the defendant's motion for modification.[2] This appeal followed.

The defendant's sole claim on appeal is that the court improperly applied the criteria set forth in §§ 46b-86 and 46b-82 in denying his motion to modify his alimony obligations. Specifically, he argues that the separation agreement, as incorporated into the judgment of dissolution, provided a single criterion that the court could

---

[2] In that decision, the court also ordered the plaintiff to pay certain expert fees and denied her motion for attorney's fees. Those determinations have not been challenged on appeal.

consider in reaching its determination. That agreement provided that "[a]limony shall be modifiable as to amount based on the parties' income from all sources." The defendant claims that he sought the modification pursuant to that provision of the agreement and that the court was thereby limited to consideration of the parties' income only. According to the defendant, "the language in § 46b-86, as it concerns the concept of 'substantial change in the circumstances of either party,' has no import or relevance in the instant matter."

From a thorough review of the record, including the trial court file and transcript, we conclude that this issue was not distinctly raised at trial. The defendant's original and amended motions for modification do not reference § 46b-86, but they do seek a modification on the basis of "a substantial change of circumstances since the date of [j]udgment in that the defendant's income has decreased significantly . . . ." Of greater significance, however, is the fact that the defendant never informed the court, by pleading, memorandum or at any time during the two day hearing, that the modification had been requested solely on the basis of the separation agreement and not the statutory basis for modification.

It is true that counsel for the defendant, and the defendant during his testimony, stated that the basis for the modification request was the decrease in the defendant's income due to the loss of his salary. The defendant never claimed, however, that the court could not consider any other criteria because the separation agreement limited its consideration to the criterion of income. The court proceeded under the assumption that the statutory criteria were to be considered and clearly stated the basis of its understanding throughout the hearing. The court began the hearing with the statement: "All right, now . . . as I understand it, this is [the defendant's] motion for modification . . . based

on the allegations of a substantial change of circumstances." Later in the hearing, when counsel for the defendant objected to a certain line of questioning on the ground of relevance, the court responded: "See, the problem is . . . if you're asking me to make a finding that there [has] been a substantial change of circumstances, if I make a finding that there [has] been a substantial change of circumstances on his—let's say his income stream, I then have to revert back to [§] 46b-82 and take up all the criteria that's within [§] 46b-82 to determine what would be an appropriate order for alimony in taking into consideration all of his assets that he [has] now accumulated or hasn't accumulated. So, all that goes into the pie, let us say, to establish a new alimony order. . . .

"I mean, I know your position is that I'm just going to look at the income stream. That's not what the statute says. That's not what modification says. Modification says I can make a finding of substantial change as to income stream, but once I've done that, I have to go back to [§] 46b-82 and take everything back into consideration."[3]

The court made a similar statement on the second day of the hearing. After counsel for the defendant made a statement about the defendant's stream of income,

---

[3] We note that the court followed the well established guideline set forth in *Borkowski* v. *Borkowski*, 228 Conn. 729, 638 A.2d 1060 (1994). Modification of alimony can be entertained and premised on a showing of a substantial change in the circumstances of either party. Once a court finds a substantial change in circumstances, it then properly can consider a motion for modification of alimony. After the threshold predicate has been established, the court considers the criteria set forth in General Statutes § 46b-82 in structuring the modification orders. *Borkowski* v. *Borkowski*, supra, 735–38. In the present case, the court considered the defendant's decreased income, as required by the separation agreement, in determining that there had been a substantial change in his circumstances. Because the threshold predicate had been established, the court then entertained the defendant's motion for modification and considered the § 46b-82 factors in making its order.

the court responded: "[L]et's get one thing straight. It's not just stream of income. If I make a finding that there's a reason for modification, then everything goes back into the criteria to determine whether or not I modify it and by how much I modify it; so, it's not just stream of income, it's everything. It's assets. It's station in life. It's future, everything else comes on the table so, you know, let's stop with the 'it's just stream of income'; it's everything . . . ."

Counsel for the defendant did not adequately question or challenge the court's statements. Although the defendant's motion for modification included the language of the modification provision of the separation agreement, as well as the substantial circumstances language of the statute, the defendant did not alert the court at any time that he sought modification pursuant to the agreement *only* and that the court could not consider the statutory criteria of § 46b-82. Although inartful objections that nonetheless sufficiently apprise the trial court of their precise nature may be overlooked; see, e.g., *Daley* v. *McClintock*, 267 Conn. 399, 404–405, 838 A.2d 972 (2004); this is not such a case. Under the circumstances, the court reasonably could have concluded that the parties were proceeding as the court had outlined.

"It is well settled that a trial court can be expected to rule only on those matters that are put before it." *State* v. *Jose G.*, 290 Conn. 331, 346, 963 A.2d 42 (2009). The defendant did not present to the trial court the theory that he now argues on appeal. "[A] party cannot present a case to the trial court on one theory and then seek appellate relief on a different one . . . ." (Citation omitted; internal quotation marks omitted.) *Ingels* v. *Saldana*, 103 Conn. App. 724, 730, 930 A.2d 774 (2007). "For this court to . . . consider [a] claim on the basis of a specific legal ground not raised during trial would amount to trial by ambuscade, unfair both to the [court]

and to the opposing party." (Internal quotation marks omitted.) *Gilbert* v. *Beaver Dam Assn. of Stratford, Inc.*, 85 Conn. App. 663, 680, 858 A.2d 860 (2004), cert. denied, 272 Conn. 912, 866 A.2d 1283 (2005).

The judgment is affirmed.

In this opinion the other judges concurred.