******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JAMES BUCKLEY HEATH ET AL. *v.* BENJAMIN
W. HEATH ET AL.
(AC 34759)

DiPentima, C. J., and Gruendel and Alvord, Js.

*Argued March 20—officially released May 13, 2014*

(Appeal from Superior Court, judicial district of
Hartford, Graham, J. [motion to cite in]; Hon. Joseph
Q. Koletsky, judge trial referee [judgment].)

*Richard P. Weinstein*, for the appellants (plaintiffs).

*John Q. Gale*, with whom were *Derek G. Poirier*
and *Kelcie Reid*, law student intern, for the appellee

(substitute defendant Maria E. Heath, executrix of the estate of Benjamin W. Heath).

*J. Tyler Butts*, for the appellees (defendant Hembdt Catawba, LLC, et al.).

*Opinion*

ALVORD, J. The plaintiffs, James Buckley Heath, Pamela Palmer, John A. Buckley, Priscilla L. Hamill, Elizabeth H. Harmon, and Timothy Heath, appeal from the judgment of the trial court, rendered after a trial to the court, in favor of the defendant Benjamin W. Heath.[1] On appeal, the plaintiffs contend that the court incorrectly interpreted the terms of the trust indenture at issue.[2] We disagree and affirm the judgment of the court.

The trial court found the following relevant facts. The plaintiffs are six of the ten children[3] of Aloise Buckley Heath (decedent) and the defendant, the decedent's husband. During her life, the decedent was a settlor and one of twenty-seven original beneficiaries of a trust indenture drafted in 1953, known as the Hembdt Trust. The terms of the Hembdt Trust provided that upon the decedent's death, her interests would pass to her "legal representatives, heirs-at-law or next of kin." In 1967, the decedent passed away in Connecticut. Her will provided for the creation of "several testamentary trusts, including a testamentary trust for the benefit of [the defendant] (marital trust) and a [testamentary] trust for her children (children's trust)." "Upon the decedent's death, the trustees and executors of [her] will determined that [the] provision [of the Hembdt Trust] required [the Hembdt Trust] interests to pass into the decedent's estate, which, in accordance with [the terms of] her will, resulted in the [Hembdt Trust] interests being distributed between the marital trust and [the] children's trust . . . ."[4]

On June 3, 2009, the plaintiffs brought the present action against the defendant. The essence of their three count complaint was that the entirety of the decedent's interests in the trust should have been distributed to them as the decedent's heirs-at-law, and should not have passed to her estate. In relevant part, the plaintiffs sought damages, an accounting, and a declaratory judgment that the Hembdt Trust assets "are properly transferred to the plaintiffs . . . ." The defendant denied the plaintiff's substantive allegations and raised multiple special defenses.

On March 13 and 14, 2012, the case was tried before *Hon. Joseph Q. Koletsky*, judge trial referee. The plaintiffs' case rested on the interpretation of paragraph three of the trust, which stated: "Death of a Beneficiary hereunder shall not cause the trust to terminate or in any manner affect the powers of the Trustees. The interest of such a deceased Beneficiary in the Trust Fund and the accumulated undistributed net income to the date of death *shall pass to his or her legal representatives, heirs-at-law or next of kin in accordance with the provisions of law applicable to the domicile of the deceased Beneficiary*." (Emphasis added.) The plain-

tiffs argued that under these circumstances, the term "legal representatives" could only be interpreted to mean "the children of [the decedent]" while the defendant argued that the term could only mean "the [decedent's] executors or administrators." In a written memorandum of decision, released on June 5, 2012, the court found the terms of the trust to be unambiguous and determined that "the defendant's interpretation [of the trust] is correct . . . ."[5] The court held that "the terms used within the four corners of the trust document provide for the current distribution of the trust interests, in the manner used by the trustees" and rendered judgment in favor of the defendant. The plaintiffs appealed.

Now before us, the plaintiffs argue that the trial court's interpretation of the section creates an unworkable document. They claim that if "legal representatives" is interpreted to mean the executor or administrator of a person's estate, then there is no way to also give meaning or effect to "heirs-at-law" or "next of kin." The plaintiffs assert that "the [section] will be workable only if there is a meaning of all three terms that is the same" and that it is possible to interpret the three terms as synonymous "if they all refer to the decedent's lineal descendants, that is, her children." (Emphasis omitted.) We are not persuaded.

"If a [trust instrument] is unambiguous within its four corners, intent of the parties is a question of law requiring plenary review. . . . Where the language of the [trust instrument] is clear and unambiguous, the [instrument] is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity . . . ." (Internal quotation marks omitted.) *Palozie* v. *Palozie*, 283 Conn. 538, 547, 927 A.2d 903 (2007). "[T]he issue of intent as it relates to the interpretation of a trust instrument . . . is to be determined by examination of the language of the trust instrument itself and not by extrinsic evidence of actual intent. . . . The construction of a trust instrument presents a question of law to be determined in the light of facts that are found by the trial court or are undisputed or indisputable." (Internal quotation marks omitted.) *Taylor* v. *Taylor*, 117 Conn. App. 229, 235, 978 A.2d 538, cert. denied, 294 Conn. 915, 983 A.2d 852 (2009). It is axiomatic that "we cannot rewrite . . . a trust instrument." (Internal quotation marks omitted.) *Ahern* v. *Thomas*, 248 Conn. 708, 728, 733 A.2d 756 (1999).

We have reviewed the court's memorandum of decision, and we agree with the court that the terms in paragraph three of the trust are not ambiguous. We also agree that the specific terms "legal representatives," "heir-at-law," and "next of kin" do not conflict. Although the terms at issue are susceptible to multiple definitions,[6] when they are viewed in the context of the lan-

guage of the Hembdt Trust, it is clear that they were not intended to be read synonymously as "lineal descendants." Accordingly, we agree with the well reasoned conclusion of the trial court that these terms "provide for the current distribution of the trust interests . . . ."

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The initial complaint named, as additional defendants, James L. Buckley, Cameron O. Smith, James R. Joyce, and the Bank of America. Prior to trial, the action was withdrawn against all of the aforementioned defendants. Hembdt Catawba, LLC, and Hembdt Associates, LLC, the current trustees of the trust, were added as defendants for purposes of prospective declaratory relief. While this appeal was pending, Benjamin W. Heath passed away and, as per this court's order, Maria E. Heath, the executrix of his estate, was substituted as a party defendant.

[2] The plaintiffs further argue that if we determine that the terms of the trust are ambiguous, then the trial court erred in failing to consider the extrinsic evidence that was presented at trial. Because we conclude that the terms of the trust are unambiguous, we need not reach this claim.

[3] The plaintiffs allege that the decedent's other four children were given notice of this action and elected not to participate in this litigation.

[4] The distribution of the Hembdt Trust assets into the will's trusts was determined to be 54.3936 percent to the marital testamentary trust and 45.6064 percent to the children's testamentary trust. Since that time and until this action was brought, the interests in the trust have been distributed in that manner according to these percentages.

[5] The court summarized the defendant's argument as follows: "[T]he term 'legal representative' [is] . . . used in conjunction with 'heirs-at-law' and 'next of kin' and, therefore, the clear intent of the [trust] [is] that upon the death of an individual beneficiary, his or her interest would pass to: [1] The beneficiary's legal representatives, that is, the beneficiary's executors, assuming the person died testate, to be administered according to the beneficiary's will, or to the beneficiary's administrators, if the person died intestate and a probate estate was opened; [2] If the person died intestate and no probate estate was opened, to that person's heirs-at-law; and [3] If there were no heirs at law, then distribution to the next of kin. If all three conditions exist, then the last clause of paragraph three requires distributions in accordance with the provisions of Connecticut law, which provide that when a decedent leaves both a spouse and children, they both inherit. Additionally . . . according to General Statutes § 45a-431, if a decedent leaves a will, distribution is made according to the will."

[6] "Legal representatives," for example, may mean the executors or administrators of a deceased person; those entitled to take by inheritance; or the children or lineal descendants of the decedent. See *Smith* v. *Groton*, 147 Conn. 272, 274–75, 160 A.2d 262 (1960); *Brooks Bank & Trust Co.* v. *Beers*, 120 Conn. 477, 480–81, 181 A. 391 (1935). Similarly, "next of kin" is "used in the law with two meanings: first, the nearest blood relations according to the law of consanguinity; and second, those entitled to take under the statutory distribution of intestate estates." *Close* v. *Benham*, 97 Conn. 102, 104, 115 A. 626 (1921). The term "heir-at-law," also referred to as "legal heir," is generally taken to mean "those who would have been entitled to inherit from [the decedent] under our statutes of distribution, had he [or she] died intestate." *Daniels* v. *Daniels*, 115 Conn. 239, 240–41, 161 A. 94 (1932). Under our statutes of distribution, this would include a surviving spouse and lineal descendants. See General Statutes §§ 45a-437 and 45a-438.