******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PELLEGRINO, J., dissenting. The majority has rejected the defendant's claim that the trial court applied the incorrect legal standard when considering the plaintiff's postjudgment motion for modification. Because I do not accept this conclusion, I respectfully dissent.

Following an uncontested hearing where both parties were represented by counsel, the court rendered a judgment dissolving the marriage of the plaintiff, Jacqueline Salzbrunn, to the defendant, Dennis Salzbrunn, on August 16, 2011. Approximately one year later, the plaintiff filed a motion to modify alimony and support. Paragraphs nineteen and twenty of the separation agreement, which had been incorporated into the judgment, provided for a modification of alimony and child support if the plaintiff, who was employed in the defendant's business, left that employment for any reason, reciting that such change would constitute grounds for the modification of alimony. The separation agreement did not provide that this event constituted a substantial change of circumstances, which ordinarily is a prerequisite for such modification under General Statutes § 46b-86; but instead, the agreement provided that "such change, as aforesaid, need not be substantial to constitute grounds for the modification of alimony." Again, it should be repeated, that the plaintiff's motion for modification came but one year after the divorce was final, the only change in circumstance was the plaintiff's termination of employment, and this change was contemplated in the separation agreement.

The plaintiff argued in her motion for modification as follows: "[I]n view of the changed circumstances of the plaintiff, the plaintiff seeks orders from this court modifying the alimony and child support under the above-cited provisions of the Divorce Decree." The provisions the plaintiff cited to in her motion for modification were paragraphs nineteen and twenty of the divorce decree.[1]

I believe the trial court was in error in conducting a full scale review of the financial condition of the parties under General Statutes § 46b-82. The comprehensive inquiry conducted by the court, which included, among other things, adding back the depreciation on the defendant's rental property and adding $20,000 to the defendant's net income based on personal expenses paid by his company, amounted to a complete review of all the financial orders. This was improper and not in accordance with the terms of the separation agreement, which provided for an adjustment of the alimony and support payment based on a change in the plaintiff's employment.

In the present case, the plaintiff moved to modify the judgment specifically based upon paragraphs nineteen and twenty of the separation agreement. Therefore, because the plaintiff only requested her alimony and child support awards to be modified pursuant to the separation agreement originally agreed to by the parties and incorporated into the terms of the judgment by the court, it was improper for the court to go beyond the agreement and consider all the factors under § 46b-82.

This court in *Fox* v. *Fox*, 152 Conn. App. 611, 99 A.3d 1206, cert. denied, 314 Conn. 945, 103 A.3d 977 (2014), used the correct legal standard. "In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Nevertheless, we may reverse a trial court's ruling on a modification motion if the trial court applied the wrong standard of law." (Internal quotation marks omitted.) Id., 619. Moreover, *Fox* stated that "[t]he power of the trial court to modify the existing order does not, however, include the power to retry issues already decided . . . or to allow the parties to use a motion to modify as an appeal. . . . Rather, the trial court's discretion includes only the power to adapt the order to some distinct and definite change in the circumstances or conditions of the parties." (Internal quotation marks omitted.) Id., 621. Here, the order should have been adapted in accordance with the separation agreement.

The majority dismisses the defendant's claim because it is raised for the first time on appeal. In doing so, the majority relies on *Ucci* v. *Ucci*, 114 Conn. App. 256, 969 A.2d 217 (2009), for the notion that because the defendant brought this claim for the first time on appeal, his claim cannot be addressed.[2] Under Practice Book § 60-5, however, this court "shall not be bound to consider a claim unless it was distinctly raised at the trial *or arose subsequent to the trial*." (Emphasis added.) Additionally, under Practice Book § 60-5 this court may "in the interests of justice notice plain error not brought to the attention of the trial court." The parties have filed supplemental briefs on this very issue, as it arose subsequent to the trial, and it was plain error for the court to use the wrong standard of law. See *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 149–50, 83 A.3d 840 (2014).

For these reasons, I respectfully dissent and would reverse the judgment of the trial court and remand the case for further proceedings.

[1] If the plaintiff had intended to bring her motion for modification under either General Statutes §§ 46b-82 or 46b-86, then that must have been specifically identified in the motion. See *Remillard* v. *Remillard*, 297 Conn. 345, 352, 999 A.2d 713 (2010).

[2] *Ucci* is distinguishable from the present case because in that case the "defendant filed a motion to modify the judgment, claiming a substantial change in circumstances . . . ." *Ucci* v. *Ucci*, supra, 114 Conn. App. 257.