******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BEAR, J., concurring and dissenting. I concur in the results reached by the majority with the exception of part II B of its opinion, which addresses an argument that the trial court improperly construed one sentence in the alimony provision of the judgment, which provides that "[t]he [defendant, Edward Budrawich, Jr.] shall pay to the [plaintiff, Kathleen Budrawich] the sum of $1.00 per year as alimony. Payment shall be made, during the [defendant's] lifetime and until the [plaintiff's] death, remarriage, or suspension of alimony due to cohabitation pursuant to the statute and case law or November 28, 2022. Alimony shall be modifiable as to amount if the [plaintiff] earns less than $100,000 per year. Alimony shall not be modifiable as to term." I disagree with the majority's legal interpretation of the sentence "[a]limony shall be modifiable as to amount if the [plaintiff] earns less than $100,000 per year."[1] The majority explains its reason for including part II of its opinion: "Because the question of how the dissolution court's alimony order should be interpreted will arise on remand, we elucidate the order, as it is a question of legal interpretation. Language from the trial court's memorandum of decision on the plaintiff's motion to modify can be construed as suggesting that it interpreted the alimony provision as directing that the plaintiff automatically satisfied, or was relieved from, her obligation of showing a substantial change in circumstances by virtue of her earning less than $100,000 per year. We demonstrate, in part II B of this opinion, why this reading of the alimony provision is legally improper." I conclude, instead, that the court properly determined that the substantial change in circumstances requirement was satisfied because her income, in fact, fell below the $100,000 per year threshold.

The plaintiff's motion for modification was based on her income being reduced to less than $100,000 per year. The provision that "[a]limony shall be modifiable as to amount if the [plaintiff] earns less than $100,000 per year" was applicable to her motion. The trial court interpreted that provision as follows: "[T]he plaintiff would receive alimony in the amount of $1 per year until November 28, 2022, and that if the plaintiff's income fell below $100,000 annually that would constitute a substantial change in circumstances as a predicate to modification." The majority instructs the trial court on remand that a finding of a substantial change in circumstances is required. I agree with the trial court's interpretation of the provision and I disagree with the majority that such a finding is necessary if the plaintiff proves that her income, at the time of the filing of her motion to modify, was less than $100,000 per year.

I accept the majority's statement of the standard of

review that we must apply in construction of the judgment: "Because [t]he construction of a judgment is a question of law for the court . . . our review of the . . . claim is plenary. As a general rule, judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the judgment. . . . The interpretation of a judgment may involve the circumstances surrounding the making of the judgment. . . . Effect must be given to that which is clearly implied as well as to that which is expressed. . . . The judgment should admit of a consistent construction as a whole." (Internal quotation marks omitted.) *Perry* v. *Perry*, 156 Conn. App. 587, 593, 113 A.3d 132, cert. denied, 317 Conn. 906, 114 A.3d 1220 (2015).

If the provision language, "[a]limony shall be modifiable as to amount if the [plaintiff] earns less than $100,000 per year," did not appear in the judgment, the language of General Statutes § 46b-86 would require a finding by the court that a reduction of the plaintiff's income to a level below $100,000 in the context of the facts existing at the time of the filing of the motion constituted a substantial change in circumstances. I accept the majority's statement of the law in that regard: "Section 46b-86 (a) provides in relevant part: 'Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support . . . may, at any time thereafter, be . . . modified by the court upon a showing of a substantial change in the circumstances of either party . . . .' *Burke* v. *Burke*, 94 Conn. App. 416, 422, 892 A.2d 964 (2006)."

A court in its judgment can determine that the occurrence of an event, in and of itself, will constitute a substantial change in circumstances. This court in other appeals has determined that a trial court has the power to do that, as recognized by the majority: "This court previously has construed certain language contained in a separation agreement to relieve the party seeking to modify alimony of the statutorily mandated burden of demonstrating that a substantial change in circumstances has occurred. See *Steller* v. *Steller*, 181 Conn. App. 581, 584 n.1, 187 A.3d 1184 (2018); *Taylor* v. *Taylor*, 117 Conn. App. 229, 231, 978 A.2d 538, cert. denied, 294 Conn. 915, 983 A.2d 852 (2009)." The provision placed by the court in its judgment has that effect: "Alimony shall be modifiable as to amount if the [plaintiff] earns less than $100,000 per year." It is our duty to give effect to all of the language in the judgment, including this language. See, e.g., *Bauer* v. *Bauer*, 308 Conn. 124, 131, 60 A.3d 950 (2013); *Lashgari* v. *Lashgari*, 197 Conn. 189, 196–97, 496 A.2d 491 (1985); see also *Almeida* v. *Almeida*, 190 Conn. App. 760, 769, 213 A.3d 28 (2019) ("in construing a marital dissolution judgment, the court's judgment must be interpreted as a whole").

In the present case, the majority focuses on the fact that the alimony provision does not contain language (1) allowing for a "second look," (2) stating that the occurrence of a specified event shall be considered a substantial change in circumstances, or (3) stating that a party shall have the right to seek a modification of alimony upon the occurrence of a specified event without showing a substantial change in circumstances, as was provided in *Steller* and *Taylor*, and that the absence of such language requires the plaintiff to show that there was a substantial change in circumstances after her salary fell below $100,000. Such a reading from *Steller* and *Taylor* is too narrow.

As the majority recounts, specifically with regard to *Taylor*, this court rejected the argument that, "because the agreement failed to include language that after the events mentioned, alimony would be subject to a de novo review, the second look should be based on a substantial change of circumstances." *Taylor* v. *Taylor*, supra, 117 Conn. App. 232. Instead, this court concluded that "the separation agreement permitted the court to take a fresh look at the parties' financial circumstances either after the plaintiff reached his sixty-fifth birthday or after the death of the defendant's father." Id., 233. This court continued that, "[i]f that was not the intent of the parties, the second look language would have been superfluous because the agreement provided that alimony could be modified at any time if a substantial change of circumstances occurred. The agreement, however, specifically provides that on the happening of either of the two previously mentioned events, alimony may be given a second look. We conclude, therefore, that this language permits a de novo review of the plaintiff's alimony obligation." Id. The court further concluded that, "by the terms of the separation agreement, the parties had already agreed on events that would constitute a substantial change. The parties agreed that once the plaintiff became sixty-five or the defendant's father died, those circumstances in and of themselves would trigger a second look at the alimony order. We conclude, therefore, that the court correctly determined that it did not need to find a substantial change of circumstances and properly conducted a de novo review." Id., 233–34. Although *Taylor* involved a separation agreement incorporated into a judgment, and not a judgment of the court after a contested dissolution trial, the rules of interpretation to be applied to the relevant language are the same. See *Bauer* v. *Bauer*, supra, 308 Conn. 131; *Barnard* v. *Barnard*, 214 Conn. 99, 109–10, 570 A.2d 690 (1990).

In the present case, although the sentence, "[a]limony shall be modifiable as to amount if the [plaintiff] earns less than $100,000 per year," does not specifically state that a second look is permitted without a substantial change in circumstances or that the plaintiff's earnings

of less than $100,000 per year constitutes a substantial change in circumstances, the specific language and meaning of the sentence makes the addition of those terms unnecessary. See *Perry* v. *Perry*, supra, 156 Conn. App. 593 ("[e]ffect must be given to that which is clearly implied as well as to that which is expressed" (internal quotation marks omitted)); see also *Fisher* v. *Big Y Foods, Inc.*, 298 Conn. 414, 424–25, 3 A.3d 919 (2010) ("an opinion must be read as a whole without particular portions read in isolation"); cf. *Halperin* v. *Halperin*, 196 Conn. App. 603, 615,      A.3d      (2020) ("intent . . . is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage" (internal quotation marks omitted)).

I, therefore, conclude that the court properly interpreted the provision placed in the judgment by the dissolution court to waive the requirement that the plaintiff prove a substantial change in circumstances other than the fact of a reduction of her annual income below $100,000. I do not disagree with the remand for a new hearing for the reasons set forth in part II A of the majority opinion. I disagree, rather, with the majority's interpretation of the sentence, "[a]limony shall be modifiable as to amount if the wife earns less than $100,000 per year." I would instruct the court on remand to determine whether the plaintiff proved that her income at the time of the filing of her motion to modify alimony was less than $100,000 per year and, if so, to proceed to the determination of alimony pursuant to General Statutes § 46b-82.

[1] I specifically disagree with the majority's assertions, analysis and conclusions in these two paragraphs set forth in part II B of its opinion: "In contrast with the language considered in *Steller* [v. *Steller*, 181 Conn. App. 581, 187 A.3d 1184 (2018)] and *Taylor* [v. *Taylor*, 117 Conn. App. 229, 978 A.2d 538, cert. denied, 294 Conn. 915, 983 A.2d 852 (2009)], the relevant language of the present alimony provision states only that '[a]limony shall be modifiable as to amount if the wife earns less than $100,000 per year. Alimony shall not be modifiable as to term.' The alimony provision does not permit a 'second look' upon the occurrence of a specified event, does not state that the occurrence of a specified event shall be considered a substantial change in circumstances, or that a party shall have the right to seek a modification of alimony upon occurrence of a specified event without showing a substantial change in circumstances.

"Nor does the alimony provision give any other indication that it was intended by the dissolution court to permit the plaintiff to obtain a de novo review of the defendant's alimony obligation without first showing a substantial change in circumstances. In the absence of such indication, the relevant language of the alimony provision addresses only the issue of whether the alimony award is modifiable or nonmodifiable. Expressed in the alimony provision is the dissolution court's intention to preclude modification as to the term of the alimony and permit modification as to the amount, but only if the plaintiff's earnings fall below $100,000 per year. Accordingly, the alimony provision does not relieve the plaintiff of her burden to demonstrate a substantial change in circumstances."